DEFENDANT: David Howell Petraeus
CASE NUMBER: DNCW3:15CR00047-001
DISTRICT: North Carolina – Western

# STATEMENT OF REASONS
*(Not for Public Disclosure)*

## I COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A ☒ **The Court adopts the presentence investigation report without change.** *(Use Section VIII if necessary.)*

B ☐ **The Court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify the Court's determinations, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) *(Use Section VIII if necessary.)*

  1 ☐ **Chapter Two of the U.S.S.G. Manual** determinations by the Court (including changes to base offense level, or specific offense characteristics):

  2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by the Court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

  3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by the Court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

  4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

## II COURT FINDING ON MANDATORY MINIMUM SENTENCE *(Check all that apply.)*

A ☒ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the Indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the Court has determined that the mandatory minimum does not apply based on

  ☐ findings of fact in this case
  ☐ substantial assistance (18 U.S.C. § 3553(e))
  ☐ the statutory safety valve (18 U.S.C. § 3553(f))

## III COURT DETERMINATION OF ADVISORY GUIDELINE RANGE *(BEFORE DEPARTURES)*:

Total Offense Level: 8
Criminal History Category: I
Imprisonment Range: 0 months-6 months
Supervised Release Range: Ct. 1: 1 year
Fine Range: $1,000-$10,000

☐ Fine waived or below the guideline range because of inability to pay.

## IV ADVISORY GUIDELINE SENTENCING DETERMINATION *(Check only one.)*

A ☒ The sentence is within an advisory guideline range that is not greater than 24 months, and the Court finds no reason to depart.

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. *(Use Section VIII if necessary.)*

C ☐ The Court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. *(Also complete Section V.)*

D ☐ The Court imposed a sentence outside the advisory sentencing guideline system. *(Also complete Section VI.)*

DEFENDANT: David Howell Petraeus
CASE NUMBER: DNCW3:15CR00047-001
DISTRICT: North Carolina – Western

# STATEMENT OF REASONS
*(Not for Public Disclosure)*

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** *(If applicable.)*

   **A   The sentence imposed departs** *(Check only one.)*:
- ☐ below the advisory guideline range
- ☐ above the advisory guideline range

   **B   Departure based on** *(Check all that apply.)*:

     1   **Plea Agreement** (Check all that apply and check reason(s) below.):
- ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
- ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
- ☐ binding plea agreement for departure accepted by the Court
- ☐ plea agreement for departure, which the Court finds to be reasonable
- ☐ plea agreement that states that the government will not oppose a defense departure motion.

     2   **Motion Not Addressed in a Plea Agreement** *(Check all that apply and check reason(s) below.)*:
- ☐ 5K1.1 government motion based on the defendant's substantial assistance
- ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
- ☐ government motion for departure
- ☐ defense motion for departure to which the government did not object
- ☐ defense motion for departure to which the government objected

     3   **Other**
- ☐ Other than a plea agreement or motion by the parties for departure *(Check reason(s) below.)*:

   **C   ☐ Reason(s) for Departure** *(Check all that apply other than 5K1.1 or 5K3.1.)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

   **D   Explain the facts justifying the departure.** *(Use Section VIII if necessary.)*

DEFENDANT: David Howell Petraeus
CASE NUMBER: DNCW3:15CR00047-001
DISTRICT: North Carolina – Western

# STATEMENT OF REASONS
*(Not for Public Disclosure)*

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
*(Check all that apply.)*

**A The sentence imposed is** *(Check only one.)*:
☐ below the advisory guideline range
☐ above the advisory guideline range

**B Sentence imposed pursuant to** *(Check all that apply.)*:

1 **Plea Agreement** *(Check all that apply and check reason(s) below.)*:
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the Court
☐ plea agreement for a sentence outside the advisory guideline system, which the Court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the Court to sentence outside the advisory guideline system

2 **Motion Not Addressed in a Plea Agreement** *(Check all that apply and check reason(s) below.)*:
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3 **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system *(Check reason(s) below.)*:

**C Reason(s) for Sentence Outside the Advisory Guideline System** *(Check all that apply.)*
☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

**D Explain the facts justifying a sentence outside the advisory guideline system.** *(Use Section VIII if necessary.)*

DEFENDANT: David Howell Petraeus
CASE NUMBER: DNCW3:15CR00047-001
DISTRICT: North Carolina -- Western

# STATEMENT OF REASONS
*(Not for Public Disclosure)*

## VII COURT DETERMINATIONS OF RESTITUTION

A ☐ Restitution Not Applicable.

B ☐ Total Amount of Restitution: Not applicable.

C ☐ Restitution not ordered *(Check only one.)*:

1. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3. ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4. ☐ Restitution is not ordered for other reasons. *(Explain.)*

D ☐ Partial restitution is ordered for these reasons *(18 U.S.C. § 3553(c))*:

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE *(If applicable.)*

The Court ordered a sentence of 2 years' probation and found this sentence to be sufficient, but not greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a), including the need for the imposed sentence to reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence; and provide protection to the public. The Court noted the need to balance competing concerns: 1) the seriousness of the offense, including an abuse of a position of trust and obstruction of justice, with (2) a 37-year record of service and high achievement as a military officer. In addition, the Court referenced the multiple letters provided by defense counsel, noting that these letters attest to the Defendant's military service and provide a description of an individual considered by many to be one of the finest military officers of his generation. The Court also imposed the maximum fine allowed by statute. The Court ordered a $100,000 fine based on the need for the combined sentence to reflect the seriousness of the offense, as well as the need to promote respect for the law, provide just punishment, and afford adequate deterrence. When determining the appropriate fine, the Court balanced the 18 U.S.C. § 3553 factors with the Defendant's ability to pay a fine, and noted that the fine, when taken together with other sanctions, should be punitive.

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | |
|---|---|
| Defendant's Soc. Sec. No.: | Date of Imposition of Judgment: 4/23/2015 |
| Defendant's Date of Birth: 11/07/1952 | Signed: April 29, 2015 |
| Defendant's PACTS #: 1281741 | |
| Defendant's Residence Address: Classified | *[signature]* |
| Address City, Address State Code Address Zip Code | David C. Keesler |
| Defendant's Mailing Address: Classified | United States Magistrate Judge |